**John GUTIERREZ and Mary Helen Gutierrez, Appellants,**

v.

**UNITED STATES of America et al., Appellees.**

**Joseph E. KELLY and Patsy Scott Kelly, Appellants,**

v.

**John GUTIERREZ and Mary Helen Gutierrez, et al., Appellees.**

**No. 25933.**

United States Court of Appeals
Fifth Circuit.

Nov. 22, 1968.

Eddington, Kroll, Friloux & Smith, Gordon J. Kroll, Houston, Tex., for Gutierrez and others.

Hellmut A. Erwing, Houston, Tex., for Kelly.

William B. Butler, James R. Gough, Asst. U. S. Attys., Morton L. Susman, U. S. Atty., Houston, Tex., for the United States.

Before ALDRICH*, GODBOLD and DYER, Circuit Judges.

**PER CURIAM:**

This is an appeal from a finding for the government in a Federal Tort Claims case. Certain facts were undisputed. A government mail truck, bound south, entered and crossed five lanes of a six-lane divided highway and collided with a vehicle driven by one Kelly, bound east, and coming from the truck's right, in lane 6. In lanes 4 and 5 cars were stopped, several cars deep, on both sides of the cross street. The contact was between the left front of the truck and the left rear fender of Kelly's car. As a result of this collision the Kelly car went out of control and struck one of the stopped cars, which plaintiff was driving. For the resulting injuries no question is raised against Kelly's responsibility, but plaintiff asserts herein that negligence in the operation of the mail truck was a contributing cause.

In its detailed findings absolving the government the district court found that Kelly was operating at 30 m. p. h., an excessive speed at a time when traffic was heavy; that Marquart, the driver of the mail truck, was operating at 10 m. p. h., which it found to be reasonable under the circumstances, and, on conflicting testimony, that neither Kelly nor Marquart could see the other until just prior to the collision because of the vehicles in lanes 4 and 5. It further appeared that Marquart had had a view of lane 6 prior to crossing the west-bound half of the highway, but had not seen Kelly at this time.

The nub of the case is the correctness of the court's finding that Marquart was not negligent even though he failed to anticipate that a car might proceed in lane 6 at such a high rate of speed that it would arrive and cross into the intersection during the time his view was blocked. While the question may possibly be close, we cannot rule as matter of law that the court's conclusion was error.

Affirmed.

---

\* Of the First Circuit, sitting by designation.